IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, | ) Civil Action No. 7:19cv00038 |
|     Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Michael F. Urbanski |
|     Defendant. | ) Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Meyers has filed twenty-eight cases in this court, sixteen of which were filed in the past six months, and most of which allege facts duplicative of and/or intertwined with those of other cases. In this FTCA case, Meyers claims that (1) the Clerk of Court, a deputy clerk, three district judges, and two magistrate judges "refuse" to let him sue various state officials who allegedly caused him injuries in 2016; (2) a magistrate judge, a state assistant attorney general, and seven state prison officials threatened Meyers' inmate witness into testifying falsely at a hearing in another action; (3) two district judges "boldly declared in . . . unsealed civil actions that [Meyers] is a FBI informant and assisting law enforcement, so that they could advertise the cases to the prison gangs and inmates making death threats to murder [him]"; and (4) two district judges, two magistrate judges from this court, and "all other U.S. magistrates" "refused to seal" his cases and "refused to assist [him] in obtaining a highlighter."[1] After reviewing the complaint, the court dismisses the action for lack of jurisdiction and, in the alternative, pursuant to 28 U.S.C. § 1915A(b).

---

[1] The court notes that Meyers' allegations include some accusations directed toward the undersigned. Although Meyers has not asked the undersigned to recuse himself, the court will address the issue sua sponte. A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). To disqualify a judge from continuing to preside, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011) (quoting Liteky v. United States, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never

# I.

Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006). This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before a FTCA lawsuit can be filed. See 28 U.S.C. 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1980); see also Bellomy v. United States, 888 F. Supp. 760 (S.D.W. Va. 1995). The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim. 28 U.S.C. § 2675(a). Filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4thCir. 1986); Muse v. United States, 1 F.3d 246 (4th Cir. 1993)). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005). A FTCA claim which is prematurely filed in court "cannot become

---

constitute a valid basis for a bias or partiality motion,'" id. at 573 (quoting Liteky, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky, 510 U.S. at 555). "Likewise, judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" Belue, 640 F.3d at 573 (quoting Liteky, 510 U.S. at 555). The undersigned has no personal bias or prejudice against Meyers, and indeed, has no personal knowledge of him outside the cases he has filed in this court. Accordingly, the undersigned declines to recuse himself from ruling in this matter.

timely by the passage of time after a complaint is filed." Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995) (citing McNeil, 508 U.S. 106).

Attached to his complaint, Meyers submits a completed Standard Form 95, dated July 18, 2018. See ECF No. 1, pp. 7-8. Although not referenced in his complaint, presumably Meyers has submitted this form to the court in an attempt to demonstrate administrative exhaustion of his FTCA claims. Meyers does not allege, however, that he ever actually submitted this form to the federal agencies listed on it. Further, he does not allege that he ever received a response to it from any of the agencies. However, even assuming that he did submit it to the agencies, Meyers did not wait six months before pursuing his claims in this court. Instead, he filed this action on January 13, 2019, less than six months after the form is dated.[2] Therefore, this action was filed prematurely and, Meyers has not met his burden of demonstrating that the court has jurisdiction over his claims. Accordingly, the court will dismiss this action for lack of jurisdiction.

## II.

Even if Meyers had exhausted administrative remedies, however, his FTCA claims would nevertheless fail. The United States may only be held liable for monetary damages for personal injury, property loss, or death to the plaintiff caused by the acts of governmental employees acting within the scope of their employment if such acts meet the definition of negligence under state law. 28 U.S.C. § 1346(b); Laird v. Nelms, 406 U.S. 797, 798-99 (1972) (noting that negligence is the prerequisite for recovery under the FTCA). To state a claim for negligence under Virginia

---

[2] The court also questions the credibility of the Standard Form 95 submitted by Meyers. Although the form was purportedly signed on July 18, 2018, the statements on the form discuss an event that allegedly occurred the next day on July 19, 2018. Further, Meyers states on the form that various judges and staff of this court refused to seal twenty civil actions that he filed in this court; however, by the date on the form, he had only filed ten cases in this court. Finally, Meyers names the undersigned in his allegation on the form; however, the undersigned had not been assigned to any of his cases until more than a month after the date on the form. Based on these observations, the court is disinclined to find the form credible. Regardless of that determination, however, Meyers claims were not exhausted before he filed this action.

law, a plaintiff must allege facts sufficient to show: (1) a legal duty of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff (4) proximately caused by the breach. Talley v. Danek Med., Inc., 179 F.3d 154, 157 (4th Cir. 1999). Meyers' complaint fails to allege personal injury, property loss, or death, and fails to state a claim for negligence.

Further, the FTCA only applies to employees of the government. 28 U.S.C. § 1346(b)(1). The United States Code defines "employee of the government" as "officers or employees of any federal agency" or "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . ." 28 U.S.C. § 2671. Therefore, Meyers' FTCA claims against the state assistant attorney general and various state prison staff are legally frivolous. See, e.g., Goins v. Fleming, No. 7:16cv154, 2017 U.S. Dist. LEXIS 146891, at *2 n.2, 2017 WL 4019446, at *1 n.2 (W.D. Va. Sep. 12, 2017)

Still further, the judges and court staff are immune from Meyers' FTCA claims. Title 28, section 2674 of the United States Code provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C. § 2674; see Tinsley v. Widener, 150 F.Supp.2d 7, 12 (D. D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit); Coulibaly et al v. Chasanow, et al., Case No. TDC-15-0425, 2015 U.S. Dist. LEXIS 24290, at *8, 2015 WL 877786, at * 3 (D. Md. Feb. 27, 2015) (FTCA claim). The FTCA only allows claims for damages. 28 U.S.C. §1346(b)(1). Federal judges are immune from liability for damages for "acts committed within their judicial jurisdiction." Imbler v. Pachtman,

4

424 U.S. 409, 419 (1976); Stump v. Sparkman, 435 U.S. 349 (1978); Smith v. Nationstar Mortgage, LLC, et al., Case No. ELH-15-3807, 2015 U.S. Dist. LEXIS 173098, at *10, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015). Because judicial immunity ensures that judges can perform their functions without harassment or intimidation, it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967). In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had jurisdiction over the subject matter before him. Stump, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57. Meyers has not alleged that any of the judges acted in the clear absence of all jurisdiction and, thus, they are entitled to absolute judicial immunity. Likewise, the Clerk of Court and deputy clerk are entitled to quasi-judicial immunity for tasks they undertook as part of the judicial process. Ross v. Baron, 493 Fed. Appx. 405, 406 (4th Cir. 2012); Hamilton v. Newman, Civil Action No. 2:18-0622-RMG, 2018 U.S. Dist. LEXIS 164941, at *4-5, 2018 WL 46150, at *2 (D.S.C. Sep. 26, 2018).

For the foregoing reasons, the court dismisses the action.

**ENTER**: This 6th day of February, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

5